1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 | Case No. 1:14-cv-00916 AWI MJS (HC) |
| **JAMIE GUSTAVO GAYTAN GONZALEZ,** | **FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |
| Petitioner, | |
| **v.** | **(Doc. 1)** |
| **MICHAEL L. BENOV,** | |
| Respondent. | |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant habeas petition in this Court on June 16, 2014. He is currently incarcerated at Taft Correctional Institution. Petitioner claims arise from his June 21, 2005 conviction in the Central District of California. Petitioner was found guilty of 21 U.S.C. §§ 846 and 841(a)(1), conspiracy to possess with intent to distribute at least 50 grams of methamphetamine, and violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2, possession with intent to distribute and aiding and abetting the possession with intent to distribute at least 50 grams of methamphetamine. (See C.D. Cal. Case No. EDCV 09-304-VAP, ECF No. 12.) Petitioner was sentenced to

1

1    imprisonment in the custody of the U.S. Bureau of Prisons for 240 months. Id. Presently,

2    Petitioner argues that he actually innocent of the offense because he does not qualify as

3    a career offender under the Armed Career Criminal Act. (See generally Pet.)

4    **I.      SCREENING THE PETITION**

5           Because the petition was filed after April 24, 1996, the effective date of the

6    Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the

7    petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484,

8    1499 (9th Cir. 1997).

9           The Rules Governing Section 2254 Cases in the United States District Courts

10   (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28

11   U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a

12   preliminary review of each petition for writ of habeas corpus. The Court must summarily

13   dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that

14   the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v.

15   Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490

16   (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief

17   available to the Petitioner; 2) state the facts supporting each ground; and 3) state the

18   relief requested. Notice pleading is not sufficient; rather, the petition must state facts that

19   point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976

20   Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S.

21   63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably

22   incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

23          Further, the Court may dismiss a petition for writ of habeas corpus either on its

24   own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or

25   after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

26   8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

27   **II.     JURISDICTION**

28          A federal prisoner who wishes to challenge the validity or constitutionality of his

1    conviction or sentence must do so by way of a motion to vacate, set aside, or correct the

2    sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.

3    1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner

4    may not collaterally attack a federal conviction or sentence by way of a petition for a writ

5    of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861,

6    865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be

7    filed under § 2255 in the sentencing court, while petitions that challenge the manner,

8    location, or conditions of a sentence's execution must be brought pursuant to § 2241 in

9    the custodial court."); Tripati, 843 F.2d at 1162.

10       In contrast, a federal prisoner challenging the manner, location, or conditions of

11   that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C.

12   § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and

13   constitutionality of his conviction. Therefore, the appropriate procedure would be to file a

14   motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

15       The Ninth Circuit has recognized a narrow exception allowing a federal prisoner

16   authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by

17   motion under § 2255 is "inadequate or ineffective to test the validity of his detention."

18   Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison,

19   519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of

20   § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or

21   ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255

22   motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.

23   1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition

24   inadequate). The burden is on the petitioner to show that the remedy is inadequate or

25   ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

26       The Ninth Circuit has also "held that a § 2241 petition is available under the

27   'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and

28   (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v.

1  Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

2       Petitioner fails to meet either of these requirements. In this case, Petitioner is
3  challenging the validity and constitutionality of his federal sentence imposed by a federal
4  court, rather than an error in the administration of his sentence. Therefore, the
5  appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing
6  court, not a habeas petition pursuant to § 2241 in this Court.

7       Petitioner did not lack an unobstructed opportunity to present his claims in his §
8  2255 motion. After his conviction, Petitioner sought direct appeal to the Ninth Circuit. The
9  appeal was denied on March 12, 2007. United States v. Gaytan-Gonzalez, 224 Fed.
10 Appx. 631 (9th Cir. 2007). On February 11, 2009, Petitioner moved to vacate, set aside,
11 or correct his federal sentence pursuant to 28 U.S.C. § 2255 asserting that he received
12 ineffective assistance of counsel. The Court denied the motion on March 11, 2010. See
13 United States v. Gaytan-Gonzalez, C.D. Cal. Case No. 5:04-cr-00023-VAP, ECF Nos
14 133, 137. Petitioner then filed a motion for reconsideration of the denial of the motion to
15 set aside the judgment on the § 2255 motion on March 26, 2010. The motion was denied
16 on June 10, 2010. See United States v. Gaytan-Gonzalez, C.D. Cal. Case No. 5:04-cr-
17 00023-VAP, ECF Nos. 139-40.

18       Petitioner as also previously sought relief by way with a petition for writ of habeas
19 corpus pursuant to 28 U.S.C. § 2241. In the petition, filed on June 13, 2011, Petitioner
20 contended that he was "actually innocent" of the 20 year mandatory minimum sentence
21 under 21 U.S.C. § 841(b)(1)(A) based on the United States Supreme Court decision in
22 Carachuri-Rosendo v. Holder,        U.S.    , 130 S.Ct. 2577, 177 L. Ed. 2d 68 (2010).
23 Gaytan-Gonzalez v. Benov, 2012 U.S. Dist. LEXIS 1097 (E.D. Cal. Jan. 4, 2012) The
24 Magistrate Judge, in recommending dismissal of the petition, stated:

25       The Ninth Circuit has "held that a § 2241 petition is available under
         the 'escape hatch' of § 2255 when a petitioner makes a claim of actual
26       innocence." Stephens, 464 F.3d at 898.

27       Here, Petitioner has failed to demonstrate that his claims qualify
         under the savings clause of Section 2255 because Petitioner's claims are
28       not proper claims of "actual innocence." In the Ninth Circuit, a claim of

4

1   actual innocence for purposes of the § 2255 savings clause is tested by
2   the standard articulated by the United States Supreme Court in <u>Bousley v.</u>
    <u>United States</u>, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In
3   <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual
    innocence, petitioner must demonstrate that, in light of all the evidence, it
4   is more likely than not that no reasonable juror would have convicted him."
    <u>Bousley</u>, 523 U.S. at 623. Petitioner bears the burden of proof on this
5   issue by a preponderance of the evidence, and he must show not just that
    the evidence against him was weak, but that it was so weak that "no
    reasonable juror" would have convicted him. <u>Lorentsen</u>, 223 F.3d at 954.

6        In this case, Petitioner does not assert that he is factually innocent
7   of the crime for which he was convicted. Rather, he claims that, for
    sentencing purposes, he does not have the requisite qualifying prior
8   conviction and, thus, he has been wrongfully sentenced with a ten-year
    enhancement. Under the savings clause, however, Petitioner must
9   demonstrate that he is factually innocent of the crime for which he has
    been convicted, not the sentence imposed. <u>See</u> <u>Ivy</u>, 328 F.3d at 1060;
10  Lorentsen, 223 F.3d at 954 (to establish jurisdiction under § 2241,
    petitioner must allege that he is "'actually innocent' of the crime of
11  conviction"); Therefore, the instant § 2241 petition does not fit within the
    exception to the general bar against using § 2241 to collaterally attack a
12  conviction or sentence imposed by a federal court. <u>See</u> <u>Lorentsen</u>, 223
    F.3d at 954 (declining to decide whether federal prisoners who are
13  actually innocent may resort to § 2241 when relief is not available under §
    2255 because the petitioner had not shown actual innocence); see also
14  Stephens, 464 F.3d at 898-99 (concluding that, although petitioner
    satisfied the requirement of not having had an "unobstructed procedural
15  shot" at presenting his claim, petitioner could not satisfy the actual
    innocence requirement as articulated in <u>Bousley</u> and, thus, failed to
16  properly invoke the escape hatch exception of § 2255).

17       Based on the foregoing, the Court finds that Petitioner has not
    demonstrated § 2255 constitutes an "inadequate or ineffective" remedy for
18  raising his claims. Accordingly, § 2241 is not the proper avenue for raising
    Petitioner's claims, and the petition should be dismissed for lack of
19  jurisdiction.

20  <u>Gaytan-Gonzalez v. Benov</u>, 2012 U.S. Dist. LEXIS 1097, 9-11 (E.D. Cal. Jan. 4, 2012).

21  The Court adopted the recommendation of the Magistrate Judge and dismissed the

22  petition on April 30, 2012. <u>See</u> <u>United States v. Gaytan-Gonzalez</u>, E.D. Cal. Case No.

23  1:11-cv-00965-AWI-MJS, ECF No. 9.  Accordingly, Petitioner as had the opportunity to

24  file multiple § 2255 motions, and has presented no reason why he has not attempted to

25  seek approval to file the instant motion as a second or successive § 2255 motion.

26  Petitioner has not shown that he lacked an unobstructed opportunity to present his

27  claims in his § 2255 motion.

28       Furthermore, while Petitioner states that he is actually innocent of the offense,

1   Petitioner has not presented a case of factual innocence. Instead Petitioner argues that

2   his prior crimes that the district court found to be predicate offenses in the Armed Career

3   Criminal Act no longer qualify and he should not have been considered a career

4   offender. (See Pet.) Petitioner's argument that he should not be treated as a career

5   offender is a purely legal claim that has nothing to do with factual innocence.

6   Accordingly, it is not a cognizable claim of 'actual innocence' for the purposes of

7   qualifying to bring a § 2241 petition under the escape hatch. Marrero v. Ives, 682 F.3d

8   1190, 1193-94 (9th Cir. 2012) (collecting similar holdings from other circuits).

9        Moreover, even if Petitioner had an unobstructed procedural shot to challenge the

10  finding by the district judge that he was a career offender, his claim would fail. Petitioner

11  argues that Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013),

12  demonstrates that he is not a career offender because his prior offenses should not

13  serve as predicate offenses. (See, Pet.) In Descamps, the Supreme Court held that

14  "sentencing courts may not apply the modified categorical approach when the crime of

15  which the defendant was convicted has a single, indivisible set of elements." Id. at 2282.

16  Even assuming Descamps assists Petitioner, the Supreme Court has not made its

17  holding retroactive. See Jones v. McGrew, 2014 WL 2002245 at *5 (C.D. Cal. May 15,

18  2014) ("Petitioner cannot maintain that Descamps effected a material change in the

19  applicable law; the Descamps Court clearly communicated its believe that its ruling in the

20  was "dictated" by existing precedent." (citation omitted); Wilson v. Holland, 2014 WL

21  517531, *3 (E.D. Ky. Feb. 10, 2014) ("there is no indication in . . . Descamps that the

22  Supreme Court made those holdings retroactive to cases on collateral review"); Groves

23  v. United States, 2014 WL 2766171, *4 (7th Cir. June 19, 2014) ("To date, the Supreme

24  Court has not made Descamps retroactive on collateral review."); Monroe v. U.S., 2013

25  WL 6199955, *2 (N.D. Texas Nov. 26, 2013) (the Court "did not declare that [Descamps]

26  applied retroactively on collateral attack") (collecting cases). Indeed, it is improbable that

27  Descamps announced a new rule of law. According to Descamps, Supreme Court

28  "caselaw explaining the categorical approach and its 'modified' counterpart all but

resolves this case." 133 S. Ct. at 2283. "Under our prior decisions, the inquiry is over." Id. at 2286. Accordingly, Petitioner has not met either prong of the savings clause, and the Court recommends that the petition be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.   Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of

1  mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

2       In the present case, reasonable jurists would not find to be debatable or wrong

3  the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor

4  would they find petitioner deserving of encouragement to proceed further.  Petitioner has

5  not made the required substantial showing of the denial of a constitutional right.

6  Accordingly, the Court hereby declines to issue a certificate of appealability.

7  **IV.**    **RECOMMENDATION**

8       Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ

9  of habeas corpus be DISMISSED.

10      These Findings and Recommendations are submitted to the assigned United

11 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

12 and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

13 District of California. Within thirty (30) days after being served with a copy, Petitioner

14 may file written objections with the Court. Such a document should be captioned

15 "Objections to Magistrate Judge's Findings and Recommendations. The Court will then

16 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is

17 advised that failure to file objections within the specified time may waive the right to

18 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19

20 IT IS SO ORDERED.

21    Dated:   __August 25, 2014__        /s/ *Michael J. Seng*

22                                 UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28